WILL LASSITER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. To permit the State to introduce the mere opinion of witnesses that an alleged cutting of a coat, and pencil in the pocket of the coat, of the prosecuting witness by the defendant would have turned the prosecutor around or cause him to stagger back considerably, was harmful error since such opinion evidence tended to rebut the statement of the defendant's witnesses especially as there was a conflict in the evidence as to what transpired when the alleged assault was made by the defendant.

2. In order to a conviction an assault must have been unlawfully made, and this fact should not be ignored in charges given to the jury.

3. Proper practice requires that in felony cases the defendant should be arraigned, and have the opportunity offered him to plead to the indictment or information.

Writ of error to the Criminal Court for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

HOCKER, J.—On an information charging assault with intent to commit murder, Will Lassiter was tried and convicted of assault with intent to commit manslaughter in the Criminal Court of Record for Walton County. He was sentenced to pay a fine, and in default of payment to imprisonment in the county jail. The case is here on writ of error. The testimony was conflicting as to what transpired when the alleged assault was made, and particularly whether Bud Palmer, the alleged assaulted party, cut at the plaintiff in error with a knife and actually cut his coat and a lead pencil in the pocket of the coat.

The prosecuting officer asked two of the State Witnesses this question "what effect would it have upon a person who may have had on this cost for it and this pencil to have been cut as it was?" The plaintiff in error objected to these questions as irrelevant and immaterial and as asking for the opinion of witnesses who

were not experts. The answers in one case was "it would have turned him around," and in the other, "it would have staggered him back considerably." This evidence tended to rebut the statements of the plaintiff in error and his witnesses. It seems to us that it was purely opinion testimony upon a matter the jury were competent to pass on, that it was erroneously admitted and was injurious to the plaintiff in error.

Several charges given by the court upon the subject of assault and aggravated assault fail to state that in order to a conviction the assault must be unlawful. Under the circumstances these charges were prejudicial to the plaintiff in error. Two instructions requested by the defendant were properly refused. They do not state the law of self-defense accurately as laid down in Lane v. State, 44 Fla. 105, 32 South. Rep. 896, and other cases in this court.

The record in this case does not show that the defendant below was ever arraigned, or that he pleaded, but does show that he waived arraignment. The better practice in felony cases is to require the defendant to be arraigned and have him plead. If he pleads not guilty, an issue is made to be tried by the jury.

The judgment below is reversed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, and COCKRELL, J. J., concur.